UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



LUIS A. DIAS, 06185-055,

        Petitioner,

    -v-

United States of America,

        Respondent.

DECISION AND ORDER
09-CV-6491CJS

The petitioner, Luis A. Dias, acting *pro se*, seeks relief pursuant to 28 U.S.C. § 2255, challenging the sentence imposed on his conviction, as set forth more precisely in his motion.

According to 28 U.S.C. § 2255, a one-year period of limitations applies to a motion attacking sentence by a person in federal custody. The limitation period shall run from the latest of—

> (1)    the date on which the judgment of conviction becomes final;
>
> (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)    the date on which the right asserted was initially recognized by the [United States] Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

It appears to the Court that this motion should be barred under 28 U.S.C. § 2255 and Rule 9 of the Rules Governing Section 2255 Cases in the United States District Courts.

Specifically, Petitioner's conviction was January 22, 2002 and he has not provided the Court with additional information on his conviction and appeal.

In order to permit the Court to properly evaluate the issue, Petitioner is directed to complete the attached § 2255 Timeliness Response Form entitled "Petitioner's Response as to Why the Motion Is Not Time-Barred Under 28 U.S.C. § 2255" and return it to the Clerk of Court by **November 9, 2009**. Petitioner should be sure to include in the Response specific and detailed information addressing all of the Court's concerns; Petitioner should also include all pertinent dates when any collateral attacks were filed and when each was finally determined, if Petitioner has filed any such collateral attacks, and any other information which may be relevant to the Court's determination of the limitations issue.

**Failure to return the properly completed form by November 9, 2009 will result in the automatic dismissal of the petition as an abuse of the writ of habeas corpus.**

IT HEREBY IS ORDERED, that Petitioner is directed to file a response to this order by **November 9, 2009**; and

FURTHER, that if the § 2255 Timeliness Response Form is not filed by **November 9, 2009**, the Clerk of the Court is directed to dismiss the petition as an abuse of the writ of habeas corpus without further notice, and

FURTHER, all docketing for this action shall be made in the related criminal action 00-CR-6064-19L.

SO ORDERED.

Dated: October _13_, 2009
Rochester, New York

_____
CHARLES J. SIRAGUSA
United States District Judge

2